UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMON KELLY,

        Petitioner,

   v.                                    23-CV-399-LJV
                                            DECISION & ORDER

DEPARTMENT OF HOMELAND
SECURITY,

        Respondent.

---

On May 4, 2023, the *pro se* petitioner, Ramon Kelly, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is being "unlawfull[y] imprison[ed]" at the Buffalo Federal Detention Facility ("BFDF").[1] Docket Item 1 at 1, 5. He also states that the BFDF is an "unhyg[ienic] facility" with "inhumane [living]

---

[1] Although Kelly filled out the form for a petition under 28 U.S.C. § 2254, Docket Item 1, he is not challenging his confinement in "custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Instead, all of Kelly's claims relate to his confinement in federal custody at the BFDF. This Court therefore treats Kelly's petition as one under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2254. *See Jones v. Wolf*, 467 F. Supp. 3d 74 (W.D.N.Y. 2020) (evaluating claims challenging conditions at the BFDF under section 2241). And while the Second Circuit has suggested that a court must in some circumstances give a petitioner the opportunity to withdraw a claim recharacterized as a petition brought under section 2241, its concern was with "*sua sponte* conversion[s]" that would "trigger the successive petition restrictions of the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." *See Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004). As this Court has held, the "gatekeeping provisions of AEDPA, as set forth in 28 U.S.C. § 2244, do not apply to all habeas petitions," and, more specifically, do not apply to petitions brought under section 2241. *Sankara v. Barr*, 2019 WL 1922069, at *2-3 (W.D.N.Y. Apr. 30, 2019) (quoting *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)). This Court therefore deems Kelly's petition to have been brought under section 2241.

standards" and "[p]oor [h]ealth [s]ervice," and that "[d]ue to [an] ongoing [health condition, he] need[s] [an] outside hospital."  *Id.* at 8, 10.

On May 16, 2023, the government moved to dismiss the petition.  Docket Item 4.  On August 15, 2023, after Kelly did not respond to the motion to dismiss by the deadline set, Docket Item 2, this Court ordered him to show cause why the Court should not decide the motion based only on the current submissions, Docket Item 6.  Kelly did not respond to that order.

For the reasons that follow, the petition is dismissed.

## FACTUAL BACKGROUND

This is not the first petition that Kelly has brought before this Court.  On December 5, 2022, Kelly filed a petition for writ of habeas corpus on grounds similar to the ones he asserts here.  *Kelly v. DHS*, Case No. 22-cv-941, Docket Item 1 (W.D.N.Y. Dec. 5, 2022).  There, he asserted that he was "being [i]llegally detain[ed] without [his] consent" in "a facility [with] . . . a[n] in[h]umane environment" during "a [COVID-]19 [e]pidemic."  *Id.*, Docket Item 1 at 5, 7-8.  He further stated that the BFDF had "poor [q]uality health service" and contended that due to his weight and "high blood pressure, [he] need[ed] to be released . . . so [he] [could] see [his] family doctor."  *Id.*, Docket Item 1 at 10.  In that case—as here—the government moved to dismiss Kelly's petition.  *Id.*, Docket Item 4 (W.D.N.Y. Jan. 13, 2023).  And after Kelly failed to respond to that motion, *see id.*, Docket Item 2 (W.D.N.Y. Dec. 12, 2022) (order setting briefing schedule), or to this Court's order to show cause, *id.*, Docket Item 6 (W.D.N.Y. Feb. 23, 2023), this Court granted the government's motion to dismiss, *id.*, Docket Item 7 (W.D.N.Y. Apr. 7, 2023).

2

Kelly now brings a new petition that largely repeats, in slightly different terms, those dismissed claims. *See generally* Docket Item 1. He again asserts that he is being "unlawfull[y] imprison[ed]" at BFDF and that BFDF has "inhumane [living] standards" and "poor health service." *Id.* at 5, 8, 10. And he again contends that he needs to be released for his health, although he now says that "[d]ue to [his] ongoing cardiac a[r]rest," he "need[s] [an] outside hospital." *Id.* at 8. Finally, and also as before, Kelly cites the "COVID[-]19 epidemic" and adds that "[t]here are inmates and staff that have COVID[-]19 and previously tested positive." *Id.* at 7.

## **LEGAL PRINCIPLES**

"A court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rule[] of Civil Procedure . . . 12(b)(6)." *Hines v. United States*, 2023 WL 2346540, at *2 (D. Conn. Mar. 3, 2023). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that tenet 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3

suffice.'"  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

In its previous order, the Court found that Kelly was not entitled to habeas relief on the grounds that he was being illegally detained without his consent because the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537, specifically provides for the detention of noncitizens who are in removal proceedings or who are subject to a final order of removal—regardless of whether the noncitizen consented to that confinement.[2]  *See Kelly v. DHS*, 2023 WL 2837171, at *2 (W.D.N.Y. Apr. 7, 2023) (citing 8 U.S.C. § 1226(a), (c); *id.* § 1231).  That analysis again applies to Kelly's claim that he is being "unlawfull[y] imprison[ed] . . . without [his] permission."  Docket Item 1 at 5.  So as before, Kelly may not seek habeas relief on the grounds that he did not consent to his detention.[3]

The Court also found that Kelly was not entitled to habeas relief based on his challenge to the conditions of his confinement at BFDF.  *Kelly*, 2023 WL 2837171, at *2-3.  The same is true now.

---

[2] While Kelly does not provide any information about whether he is currently in removal proceedings or has been ordered removed, *see generally* Docket Item 1, he does not allege that he is a citizen not subject to the provisions of the INA.

[3] This Court has granted habeas relief for noncitizens whose detention has become exceedingly prolonged on the grounds that such prolonged detention, absent adequate process, violates the Due Process Clause.  *See, e.g.*, *Davis v. Garland*, 2023 WL 1793575, at *5-9 (W.D.N.Y. Feb. 7, 2023).  But Kelly does not say anything about the length of his detention or the process that he has been afforded, so he is not entitled to habeas relief on that basis.

"To prevail on a deliberate indifference claim based on medical needs, a petitioner must show a serious medical need, and that the government acted with deliberate indifference to such need." *Ruddock v. Wolf*, 2020 WL 5988070, at *3 (W.D.N.Y. Oct. 9, 2020) (alterations, citation, and internal quotation marks omitted). In *Jones v. Wolf*, during the early throes of the pandemic, this Court found that noncitizens held at BFDF "who have the COVID-19 vulnerabilities identified by the [Centers for Disease Control] have demonstrated a likelihood of succeeding on their claim that the respondents are acting with deliberate indifference to unreasonably unsafe conditions at BFDF and to those petitioners' serious medical needs." *Jones*, 467 F. Supp. 3d at 93. But the Court later vacated its orders in *Jones* after it concluded, based on subsequent developments at BFDF, "that the due process rights of vulnerable detainees at BFDF are no longer at risk and that this Court's intervention is no longer needed." *Jules v. Mayorkas*, 2023 WL 2457071, at *5 (W.D.N.Y. Mar. 10, 2023).

Kelly asserts in his second petition that he is suffering from an "ongoing cardiac ar[r]est" that renders him in need of the care of an "outside hospital." Docket Item 1 at 8. The Court assumes that is enough to show a "serious medical need." *See Ruddock*, 2020 WL 5988070, at *3. But Kelly's petition does nothing to show that the government has acted with "deliberate indifference" to his needs. Indeed, beyond his conclusory assertions that BFDF has "poor health service" and is an "unhyg[ienic] facility," Docket Item 1 at 8, 10, Kelly includes no specific facts showing that he was denied medical treatment at BFDF, much less that the government knew or should have known that denying that treatment posed a substantial risk to his health, *see generally id.* And his assertion that some people at BFDF have tested positive for COVID-19, *id.* at 7, is

5

certainly not enough to show such deliberate indifference or to require the Court to revisit its holding in *Jules*.

So Kelly's petition again fails to allege a viable claim to habeas relief based on the conditions at BFDF.[4]  As explained in its previous order, this Court generally affords *pro se* petitioners the opportunity to amend a petition before dismissal.  But here, Kelly has already filed a substantially similar petition.  In addition—and also as before—Kelly failed to respond to the motion to dismiss, *see* Docket Item 2 (order setting briefing schedule), and to this Court's order requiring him to show cause why this Court should not decide the motion to dismiss based only on the current submissions, Docket Item 6.  Because Kelly has not responded to the motion to dismiss or given any reason why an amended pleading might cure the deficiencies in his petition, that petition is dismissed without leave to amend.

## **CONCLUSION**

For the reasons stated above, the government's motion to dismiss, Docket Item 4, is GRANTED.  The Clerk of the Court shall close the case.

---

[4] In its motion to dismiss, the government reads Kelly's petition as "alleging [as] a new ground of relief that was not present in his prior petition" his lack of "legal representation."  Docket Item 4-3 at 2.  But Kelly's statement that he "[d]id not have legal [representation]" was made in response to a question on the petition form about prior proceedings, not as a cause of action.  Docket Item 1 at 12.  In any case, because, as the government notes, Docket Item 4-3 at 2, it is entirely unclear what proceeding Kelly is referring to here and because there is "no specific right to counsel [in immigration proceedings], but only a general right to due process of law," such a statement would not raise a viable claim for habeas relief, *see Picca v. Mukasey*, 512 F.3d 75, 78 (2d Cir. 2008).

SO ORDERED.

Dated: January 3, 2024
       Buffalo, New York

                                                       ***/s/ Lawrence J. Vilardo***
                                                       LAWRENCE J. VILARDO
                                                       UNITED STATES DISTRICT JUDGE